DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence. The jury found Joseph R. Collins, defendant below and appellant herein, guilty of escape, in violation of R.C. 2921.34(A)(1).
 {¶ 2} Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
"The trial court committed error prejudicial to the defendant when it failed to give requested instructions for attempted escape, a violation of section 2923.02 of the Ohio revised code, and obstructing official business, a violation of section 2921.31
of the ohio revised code."
SECOND ASSIGNMENT OF ERROR:
"The trial court erred when it failed to grant the appellant's motion to allow defense counsel to make a copy of that portion of the pre-sentence report concerning criminal history that was in error, and requested pursuant to section 2951.03(b)(5) of the Ohio revised code."
 {¶ 3} On August 9, 2003, Ohio State Highway Patrol Sergeant Brian L. Rutherford stopped appellant's vehicle for suspicion of driving while under the influence of alcohol (DUI). Upon approaching the vehicle, he noticed a strong odor of alcohol. He then administered standardized field sobriety tests. As a result of appellant's performance, Sergeant Rutherford arrested appellant for driving while under the influence (DUI). In doing so, the officer handcuffed appellant, read him hisMiranda[1] rights, and secured him in the front seat of the sergeant's patrol cruiser with the seat belt.
 {¶ 4} Sergeant Rutherford then spoke with the passenger. As he talked with the passenger, he heard a car door slam and when he looked back over his shoulder, he observed appellant running with the handcuffs dangling from his left wrist. The sergeant pursued appellant on foot and located him hiding in nearby bushes.
 {¶ 5} In August of 2003, the Gallia County Grand Jury returned an indictment charging appellant with escape, in violation of R.C. 2921.34(A)(1). On November 18, 2003, the jury found appellant guilty of escape, and on December 23, 2003, the trial court sentenced appellant to eleven months imprisonment.
 {¶ 6} In imposing the sentence, the court noted that appellant has a history of criminal convictions and juvenile delinquencies. Within the last three years he has had eleven convictions in traffic court and he has had "eight other than traffic misdemeanor convictions" since February of 2001. Appellant has "two underage * * * consumption, driving, driving under age consumption convictions." The court further found that appellant has a pattern of alcohol or drug related offenses and or refuses to seek treatment. The court concluded that appellant has a likelihood to recidivate based upon his nineteen prior convictions, which demonstrates a pattern of criminal activity.
 {¶ 7} Appellant objected to the court's statement that appellant had two DUI convictions. Appellant's counsel inquired whether the court would change the sentence if he were to show the court that it was incorrect. The court stated: "I don't think so Mr. Roderick."
 {¶ 8} Appellant also filed a written motion objecting to the court's mention of two DUI convictions. The court overruled his objection and issued an entry that stated:
"At the sentencing hearing, the Court mentioned two separate DUI convictions, one on August 9, 2003, and one on October 17, 2003. Defense counsel took exception to this observation arguing that there was only one DUI offense. After discussion with defense counsel, the Court advised that this factual matter need not be determined and that sentencing would not be determined based on whether there was only one or two DUI convictions. Basically the Court determined that it made no difference because the sentence was not going to be any different. Defendant cites Section 2951.03(B)(5) for the proposition that he should be entitled to a copy of the report. The court does not agree."
 {¶ 9} Appellant filed a timely notice of appeal.
 I {¶ 10} In his first assignment of error, appellant argues that the trial court should have given the jury lesser included offense instructions on attempted escape and obstructing official business. He argues that because he was "highly intoxicated" at the time he was arrested, he did not fully understand the consequences of exiting the cruiser, running up the hill, and hiding in the bushes. In essence, appellant claims that he was "overcharged." He asserts that the jury reasonably could have concluded that he did not fully understand that he was in detention while handcuffed in the cruiser and that by running from the scene and hiding in the bushes, he did not commit the offense of escape. He contends that the offense of obstructing official business "is more in tune with the facts of this case."
 {¶ 11} Appellee asserts that the trial court was not required to give either lesser included offense instruction. First, it claims that attempted escape is not an offense in itself, but instead, that the escape statute includes an attempt to escape. Appellee also disputes appellant's claim that the jury could reasonably conclude that after being told he was arrested for DUI, placed in handcuffs, read his Miranda rights, and placed in the cruiser, that he did not know that he was under detention.
 {¶ 12} Generally, a trial court has broad discretion in deciding how to fashion jury instructions. The trial court must not, however, fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder."State v. Comen (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus. Additionally, a trial court may not omit a requested instruction, if such instruction is "`a correct, pertinent statement of the law and [is] appropriate to the facts * * *.'" State v. Lessin (1993), 67 Ohio St.3d 487,493, 620 N.E.2d 72 (quoting State v. Nelson (1973),36 Ohio St.2d 79, 303 N.E.2d 865, paragraph one of the syllabus).
 {¶ 13} In determining whether to give a requested instruction, a trial court may inquire into the sufficiency of the evidence to support the requested instruction. See id. at 494. A trial court is vested with discretion to determine whether sufficient evidence was presented at trial to require a particular jury instruction. State v. Mitts (1998),81 Ohio St.3d 223, 228, 690 N.E.2d 522. If, however, the evidence does not warrant an instruction or if an instruction is not appropriate in light of the crime charged, the trial court is not obligated to give the instruction. See Lessin,67 Ohio St.3d at 494. Thus, in our review we must determine whether the trial court abused its discretion by finding that the evidence was not sufficient to support the requested charge or that the requested instruction was not pertinent to the crime charged. See Mitts;State v. Wolons (1989), 44 Ohio St.3d 64, 541 N.E.2d 443, paragraph two of the syllabus; see, also, State v. Elijah (July 14, 2000), Montgomery App. No. 18034. We note that in general, an abuse of discretion may be found if the trial court's attitude was unreasonable, arbitrary or unconscionable. See, e.g., Statev. Montgomery (1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167.
 {¶ 14} To determine whether a lesser included offense instruction is required, a court first must examine whether the offense truly is a lesser included offense of the crime with which the defendant stands charged.
"[A] criminal offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Barnes (2002), 94 Ohio St.3d 21,25-26, 759 N.E.2d 1240 (citing State v. Deem (1988),40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus).
 {¶ 15} In the case sub judice, after we compare the elements of the crime with which appellant was charged, escape, to the offenses appellant claims are lesser included offenses, attempted escape and obstructing official business, we disagree with appellant's argument that the trial court should have charged the jury that attempted escape and obstructing official business are lesser included offenses of escape. Appellant was charged with escape pursuant to R.C. 2921.34(A)(1). The statute provides:
"No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 16} "The escape statute, R.C. 2921.34, defines the offense of escape to include the offense of attempted escape" State v.Nero (Apr. 4, 1990), Athens App. No. 1392; see, also, State v.Berry, Madison App. No. CA2002-04-007, 2003-Ohio-82 ("The escape statute expressly includes an attempt to break detention in its definition."). Additionally, "the Committee Comment to R.C.2923.02 [the attempt statute] specifically excludes from that statute `an attempt to commit any offense which in itself is defined as an attempt.'" State v. Tramble (Jan. 27, 1999), Lorain App. No. 97CA6928; see, also, State v. Johnson (Dec. 20, 1984), Cuyahoga App. No. 48130, unreported (refusing to apply the affirmative defense of abandonment under R.C. 2923.02(D) to the crime of escape as defined by R.C. 2921.34 because the "statute proscribes conduct which constitutes a purposeful `break or attempt to break' detention"). "Therefore, based upon the clear legislative intent, attempted escape is not an offense in itself under the general attempt statute, R.C. 2923.02. Instead, it is encompassed under the specific escape statute." Nero. Because attempted escape is not an offense in itself, the trial court possessed no duty to instruct the jury that attempted escape constituted an independent lesser included offense of escape under R.C. 2921.34(A)(1).
 {¶ 17} The obstructing official business statute, R.C.2921.31, defines the offense as follows:
No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
 {¶ 18} We note that the elements of R.C. 2921.31 do not sufficiently correspond with the elements of the escape statute such that committing one automatically results in the commission of the other. See State v. Blankenship (Mar. 20, 1981), Tuscarawas App. No. 1484 ("Obstructing official business in not a lesser included offense of escape."). The trial court, therefore, possessed no obligation to give the jury an obstructing official business charge.
 {¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 20} In his second assignment of error, appellant argues that the trial court should have allowed his trial counsel to copy a part of the pre-sentence investigation report that he alleged contained factual inaccuracies. He asserts that the court erroneously believed that appellant had been convicted of two separate DUI offenses. He claims that he pointed out the alleged factual inaccuracy and that the trial court failed to comply with R.C. 2951.03(B)(5), which requires it to make a finding as to the alleged factual inaccuracy.
 {¶ 21} Appellee asserts that while the court differed with appellant's trial counsel concerning the DUI convictions, the court was more concerned with appellant's nineteen other convictions, including two underage consumption of alcohol charges.
 {¶ 22} R.C. 2951.03(B)(5) provides as follows:
If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
Make a finding as to the allegation;
Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.
 {¶ 23} A trial court's failure to comply with R.C.2951.03(B)(5) constitutes harmless error if "the record reflects that none of the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report." State v. Griffin (Feb. 12, 1998), Washington App. No. 97CA17; see, also, State v. Roby, Ashtabula App. No. 2001-A-29, 2003-Ohio-603; State v. Platz, Washington App. No. 01CA33, 2002-Ohio-6149; State v. Elder, Cuyahoga App. No. 80677, 2002-Ohio-2792; State v. Persons (Apr. 26, 1999), Washington App. No. 98CA19.
 {¶ 24} In the case at bar, appellant has not shown that the trial court specifically relied on the alleged inaccuracies. In fact, the trial court filed a written entry and explained that the alleged inaccuracies played no role in appellant's sentencing. Instead, the court relied upon other aspects of appellant's criminal history when it chose to impose his sentence.
 {¶ 25} We further disagree with appellant's argument that he should have received a community control sanction, rather than a prison sentence. The record fully supports the trial court's sentence.[2]
 {¶ 26} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
[1] Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694.
[2] Because appellant did not designate this argument as a specific assignment of error, we need not set forth a lengthy discussion of our rationale for concluding that the record supports the trial court's sentence. See, generally, App.R. 16 and App.R. 12(A)(1)(b) and (2).