OPINION
{¶ 1} Defendant-appellant, Melvin L. Crawford, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of two counts of aggravated assault and sentencing him accordingly. For the following reasons, we affirm that judgment.
 {¶ 2} In 2001, appellant and Pamela Beach-Crawford ("Ms. Beach") were in the process of ending their marriage. As part of their divorce proceeding, appellant owed Ms. Beach some money. On August 2, 2001, Ms. Beach and her niece, Stacy Wheeler, went to appellant's house to collect that money. Appellant gave his wife the money without incident. Later that same day, Ms. Beach and Ms. Wheeler returned to appellant's house. The three sat down in the house and began to drink alcoholic beverages. Appellant's girlfriend, Connie Hosey, was also present but did not drink. Instead, she sat with the others and read a bible. At some point, Ms. Wheeler took offense to the bible reading and took the bible from Ms. Hosey. The two began yelling at each other and Ms. Beach joined the argument to defend her niece. Appellant attempted to stop the argument and asked Ms. Beach and Ms. Wheeler to leave. Apparently, appellant believed that Ms. Beach was reaching for a gun in her purse, so he pulled out a nightstick and hit Ms. Beach in the head. She immediately fell to the floor, bleeding from her head. The evidence was conflicting regarding the number of times appellant struck Ms. Beach. Ms. Wheeler then jumped on appellant's back and began struggling with appellant. Ms. Wheeler was bruised as a result of this struggle. Ms. Wheeler then dragged Ms. Beach out of the house. The evidence was also conflicting regarding whether appellant struck Ms. Beach as she was being pulled from the house by Ms. Wheeler. After Ms. Beach and Ms. Wheeler left the house, the police arrived and arrested appellant.
 {¶ 3} As a result of this incident, appellant was indicted for one count of attempted murder in violation of R.C. 2923.02
and two counts of felonious assault in violation of R.C. 2903.11. Appellant pled not guilty to those counts and proceeded to a jury trial. The jury found appellant not guilty of attempted murder but guilty of two counts of aggravated assault, a lesser included offense of felonious assault. The trial court sentenced appellant accordingly.
 {¶ 4} Appellant appeals, assigning the following errors:
1. The convictions for aggravated assault were against the manifest weight of the evidence.
2. The trial court erred in instructing the jury as to the law of transferred intent with respect to the charge involving Stacy Wheeler.
 {¶ 5} In his first assignment of error, appellant contends that the jury's verdict finding him guilty of aggravated assault against Ms. Beach was against the manifest weight of the evidence because he proved his affirmative defense of self-defense by a preponderance of the evidence. We disagree.
 {¶ 6} When presented with a manifest weight argument in a criminal case, an appellate court must engage in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380, 387. When reviewing the manifest weight of the evidence, an appellate court sits as a thirteenth juror; the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether, in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id; State v.Martin (Apr. 19, 2001), Franklin App. No. 00AP-836. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Id., quoting State v. Maydillard (Nov. 1, 1999), Warren App. No. CA99-06-060.
 {¶ 7} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke
(Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony.State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973;State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 8} Appellant contends that he acted in self-defense when he struck Ms. Beach with the nightstick. Self-defense is an affirmative defense that excuses or justifies a use of force which would otherwise result in a criminal conviction. To establish self-defense, it must be shown by a preponderance of the evidence that: (1) the offender was not at fault in creating the situation giving rise to the altercation; (2) the offender has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the offender must not have violated any duty to retreat or avoid the danger. Statev. Melchior (1978), 56 Ohio St.2d 15, 20-21; Cleveland v.Williams, Cuyahoga App. No. 81369, 2003-Ohio-31, at ¶ 17.
 {¶ 9} Appellant testified that he approached the altercation among the women and saw Ms. Beach's hand moving toward her purse Appellant testified that Ms. Beach normally kept a gun in her purse and that he hit her because he thought she was reaching into her purse for the gun. Appellant's girlfriend also testified that Ms. Beach appeared to be reaching into her purse before appellant hit her. However, the testimony of other witnesses was conflicting. Ms. Beach testified that she did not have a gun when they went back to appellant's house and that she did not even bring her purse into appellant's house. Ms. Wheeler testified that she took Ms. Beach's gun out of her purse before they entered appellant's house. Ms. Wheeler also testified that Ms. Beach fell and dropped her purse after being struck by appellant. Ms. Wheeler saw appellant hit Ms. Beach with the nightstick multiple times during the altercation and thereafter as Ms. Wheeler tried to drag Ms. Beach out of the house. Ms. Wheeler testified that Ms. Beach did not have her purse as Ms. Wheeler dragged her out of the house. Appellant testified that he only hit Ms. Beach on the head and on the legs but did not hit her as she was dragged from the house by Ms. Wheeler. There was no evidence that Ms. Beach actually possessed or had access to a gun while in appellant's house.
 {¶ 10} Given the conflicting testimony that was presented, the jury did not clearly lose its way when it rejected appellant's claim of self-defense. The jury could have disbelieved appellant's testimony and believed that Ms. Beach could not have been reaching into her purse when appellant struck her because she did not have her purse with her. Even if the jury believed that Ms. Beach had her purse in the house, the jury could have believed Ms. Wheeler's testimony that Ms. Beach dropped the purse after being struck by appellant. Moreover, Ms. Wheeler testified that appellant hit Ms. Beach multiple times after Ms. Beach had dropped the purse. Therefore, the jury reasonably could have believed that appellant did not act in self-defense when he struck Ms. Beach after she dropped her purse. Accordingly, the jury's decision to reject appellant's claim of self-defense was not against the manifest weight of the evidence. See, also, State v. Moore, Montgomery App. No. 20005, 2004-Ohio-3398, at ¶ 53 (finding guilty verdict not against manifest weight of the evidence when jury could choose to believe state's witnesses rather than defendant's claim of self-defense).
 {¶ 11} Appellant also contends that his conviction for aggravated assault against Ms. Wheeler was against the manifest weight of the evidence, regardless of his self-defense claim. Again, we disagree. A trier of fact must convict a defendant of aggravated assault if the state proves beyond a reasonable doubt that the defendant, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, knowingly caused serious physical harm to another or caused or attempted to cause physical harm to another by means of a deadly weapon or dangerous ordnance. R.C. 2903.12. Ms. Wheeler testified that she jumped on appellant's back and fought with him after seeing him strike Ms. Beach with a nightstick. Although Ms. Wheeler could not recall being hit by appellant, she did sustain bruises as a result of the altercation. She also testified that appellant later apologized for hitting her. Appellant admitted that he intentionally hit Ms. Beach with the nightstick, but if he struck Ms. Wheeler, it was unintentional. Given this evidence, the jury did not clearly lose its way when it found appellant guilty of aggravated assault against Ms. Wheeler. To the extent this assignment of error raises questions regarding appellant's intent, that issue is addressed in our ruling on appellant's second assignment of error. Accordingly, the jury's verdict was not against the manifest weight of the evidence.
 {¶ 12} Appellant's first assignment of error is overruled.
 {¶ 13} In his second assignment of error, appellant contends the trial court erred by instructing the jury on the law of transferred intent with respect to the charge of aggravated assault against Ms. Wheeler. It is well-established that a trial court has broad discretion in instructing the jury. State v.Smith (Apr. 2, 2002), Franklin App. No. 01AP-848. A trial court is required to provide the jury with all instructions that are relevant and necessary in order for it to weigh the evidence and discharge its duty as fact finder. State v. Comen (1990),50 Ohio St.3d 206, paragraph two of the syllabus. When a trial court is faced with the decision to give a requested instruction, the appropriate inquiry is whether sufficient evidence has been presented to support the instruction. State v. Torres (Mar. 18, 2002), Defiance App. No. 4-01-06; see, also, State v. Mitts
(1998), 81 Ohio St.3d 223, 228. A trial court is vested with discretion to determine whether sufficient evidence was presented at trial to require a particular jury instruction. State v.Collins, Gallia App. No. 03CA29, 2004-Ohio-3606, at ¶ 13. Accordingly, this court must determine whether the trial court abused its discretion by instructing the jury on transferred intent. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} The doctrine of transferred intent provides that where an individual is attempting to harm one person and as a result accidentally harms another, the intent to harm the first person is transferred to the second person and the individual attempting harm is held criminally liable as if he both intended to harm and did harm the same person. See State v. Mullins (1992),76 Ohio App.3d 633, 636. The doctrine ensures that a person cannot escape the legal and moral responsibility of his or her acts simply because the intended victim escapes harm while an innocent person is injured. Cf. State v. Free (Feb. 13, 1998), Montgomery App. No. 15901, citing State v. Richey (1992), 64 Ohio St.3d 353,364.
 {¶ 15} Appellant concedes the applicability of the doctrine of transferred intent in cases where a person shoots a gun at one person and accidentally hits another person. He contends, however, that the doctrine should not be applied to the facts of this case. We disagree. Because the doctrine's justification is to hold people responsible for the consequences of their actions, we do not agree with appellant that the doctrine may only be applied in cases involving the reckless act of shooting a gun in a public place. Here, there was evidence presented at trial that appellant intended to harm Ms. Beach but, in the process, accidentally harmed Ms. Wheeler. Given this evidence, the trial court did not abuse its discretion by instructing the jury on the doctrine of transferred intent. See State v. Taylor, Cuyahoga App. No. 79274, 2003-Ohio-2295, at ¶ 11; Free, supra.
Appellant's second assignment of error is overruled.
 {¶ 16} Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and Watson, JJ., concur.