OPINION
{¶ 1} Plaintiff-appellant, Anna LeCrone, executor of the estate of Kenneth W. LeCrone, Sr. ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendants-appellees, Kenneth W. LeCrone, Jr., and his wife Marianne LeCrone (collectively referred to as "appellees"), regarding a dispute over the ownership of land at 2540 Clime Road. For the following reasons, we affirm that judgment.
 {¶ 2} Kenneth W. LeCrone, Sr. ("Senior") and appellant were married in 1967. The next year, Kenneth W. LeCrone, Jr. ("Junior"), Senior's son from a previous marriage, moved in with Senior and appellant. On March 12, 1974, a Kenneth LeCrone signed a land purchase contract to purchase property from Glenn and Ailleen Jordan located at 2540 Clime Road in Columbus, Ohio ("the property"). The signature did not include a Sr. or Jr. designation after the name. At that time, however, Senior was 55 years old and Junior was 16 years old. The purchase price was $20,000. Payment terms required a $1,000 down payment and monthly payments of $150 until the balance was paid in full. Although there was some disagreement regarding when Junior began living on the property, there is no question that he lived there, at the latest, by 1976. After Junior occupied the property, he repaired the main house and added two buildings to the property from which he operated a business.
 {¶ 3} Junior worked for Senior at this point in time. Because Junior was illiterate and did not have a checking account, Senior would deduct $150 each month from Junior's salary and pay that sum to the Jordans. When Junior ceased working for Senior, Junior paid $150 in cash each month to Senior who, in turn, paid the Jordans. Senior paid the real estate taxes on the property. Beginning in 1984, however, Junior began making the monthly payments directly to the Jordans and also began paying the real estate taxes on the property. Junior also operated two businesses on the property.
 {¶ 4} There was no written agreement between Senior and Junior regarding the property or their respective rights and obligations. Appellant alleges that Senior owned the property and was renting it to Junior. She asserts that Junior's payments to Senior and, thereafter, his payments to the Jordans, were for rent. Junior, on the other hand, contends that he was making monthly payments pursuant to the original land contract, and that he owns the property.
 {¶ 5} In December 1998, Senior and appellant allegedly wrote a letter informing the appellees that Senior was increasing the rent on the property to $300 a month, due by the 22nd of each month. The letter also alleged that appellees were behind in rent in the amount of $7,285, a number appellant calculated from April 1995 through November 1998. Junior denied receiving this letter. A month later, on or around January 14, 1999, Junior was served with a Notice to Leave the Premises ("Notice"). After discussing the notice with Junior, Senior took no action pursuant to the Notice.
 {¶ 6} Six months later, appellees began making $300 monthly payments to Senior. Appellant described these payments as rent. Junior contended that he made these payments because his father was sick and needed money to pay medical bills. Senior suffered from cancer and had incurred thousands of dollars in unreimbursed medical expenses in 1999, 2000, and 2001. Junior stopped making the payments after he discovered that Senior had won a lot of money gambling.
 {¶ 7} In October of 2000, a month after the $300 monthly payments stopped, appellees received another eviction Notice from Senior. Thereafter, Senior and appellant filed a complaint in the Franklin County Municipal Court seeking restitution of the property and unpaid rent. The complaint was voluntarily dismissed on January 19, 2001. Senior passed away on January 25, 2001.
 {¶ 8} After Senior's death, appellant was appointed executor of his estate. She completed an inventory of Senior's estate in which she listed the property as an asset. Junior objected to the inclusion of the property in his father's estate. Thereafter, appellant filed the present lawsuit seeking a declaratory judgment from the trial court that Senior purchased the property and that appellees had no right, title, or interest in the property. She also sought unpaid rent from appellees. In response, appellees filed a counterclaim alleging that Junior owned the property and seeking to quiet title. Appellees also asserted that they made payments to the Jordans in excess of $20,000 and that Senior's estate would be unjustly enriched if it was declared the owner of the property.
 {¶ 9} After an evidentiary hearing, a magistrate of the trial court determined that Senior signed the land contract. However, the magistrate imposed a constructive trust over the property in favor of Junior because: (1) Senior's estate would be unjustly enriched if the estate were allowed to retain the property; and (2) Senior intended to purchase and hold the property on Junior's behalf. The magistrate also determined that appellant failed to prove by a preponderance of the evidence that appellees owed any past rent. Appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections and adopted the magistrate's decision.
 {¶ 10} Appellant appeals, assigning the following errors:
First Assignment of Error
The magistrate and the trial court applied an incorrect legal test in imposing a constructive trust on the real estate and, therefore, committed prejudicial error.
Second Assignment of Error
The magistrate and the trial court applied the wrong burden of proof and, therefore, committed prejudicial error.
Third Assignment of Error
Assuming, arguendo, that the magistrate and the trial court applied the correct legal test and the correct burden of proof, the judgment imposing a constructive trust is against the manifest weight of the evidence and, therefore, the magistrate and the trial court committed prejudicial error.
Fourth Assignment of Error
The magistrate and the trial court erred, as a matter of law, by not applying the applicable statute of limitations to the unjust enrichment claim.
Fifth Assignment of Error
The magistrate and the trial court committed prejudicial error by not applying the defense of laches.
Sixth Assignment of Error
The magistrate and the trial court erred, as a matter of law, by "quieting title" in favor of appellee, Kenneth Lecrone, Jr.
Seventh Assignment of Error
The magistrate and the trial court committed prejudicial error by not applying the clean hands doctrine.
Eighth Assignment of Error
The judgment that anna lecrone is not entitled to past rent is against the manifest weight of the evidence.
 {¶ 11} Appellant contends in her first assignment of error that the magistrate and trial court erred as a matter of law by imposing a constructive trust without a finding of unconscionable, fraudulent or wrongful conduct, duress, undue influence, mistake or breach of a fiduciary or confidential relationship. We disagree. A constructive trust is an equitable remedy which arises by operation of law against one who, through any form of unconscionable conduct, holds legal title to property where equity and good conscience demands that he should not hold such title. Hill v. Hill (Feb. 21, 2002), Franklin App. No. 01AP-716. A constructive trust may be imposed, even in the absence of fraud, where it is inequitable that the property be retained by a person. Henkle v. Henkle (1991),75 Ohio App.3d 732, 738; In re Cole Estate (May 1, 2000), Butler App. No. CA99-03-059; Ferguson v. Owens (1984), 9 Ohio St.3d 223. Therefore, unjust enrichment may serve as the basis for the imposition of a constructive trust. Everhard v. Morrow (Dec. 2, 1999), Cuyahoga App. No. 75415; Henkle, supra; see, also, Pinev. Price, Columbiana App. No. 01-CO-46, 2002-Ohio-5223, at ¶ 22.
 {¶ 12} In the case at bar, the magistrate determined that Senior's estate would be unjustly enriched if it were awarded the property. Because unjust enrichment may justify the imposition of a constructive trust, the trial court did not err as a matter of law. Whether the trial court's determination of unjust enrichment is supported by sufficient evidence is addressed below in our resolution of appellant's third assignment of error.
 {¶ 13} Appellant also contends in her first assignment of error that the trial court erred by imposing a constructive trust for Junior's benefit based, in part, upon Senior's intent. Ordinarily, a constructive trust arises without regard to the intention of the parties. Hill, supra; Bilovocki v.Marimberga (1979), 62 Ohio App.2d 169, 172. However, Senior's intent was relevant in assessing the equities. Therefore, the trial court did not err when it considered Senior's intent in determining whether to impose a constructive trust as an equitable remedy.
 {¶ 14} Appellant's first assignment of error is overruled.
 {¶ 15} Appellant contends in her second assignment of error that the magistrate and trial court applied the incorrect burden of proof in imposing a constructive trust over the property. We disagree. The party asserting the existence of a constructive trust must prove its existence by clear and convincing evidence.In re Cole, supra. The trial court characterized the evidence presented as "strong" and expressly held that a constructive trust was justified by clear and convincing evidence. This issue was raised with the trial court on objections to the magistrate's decision and the trial court expressly indicated that it was applying the clear and convincing standard in imposing a constructive trust. Accordingly, appellant's second assignment of error is overruled.
 {¶ 16} Appellant contends in her third assignment of error that the decision to impose a constructive trust over the property was against the manifest weight of the evidence. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 17} The trial court imposed a constructive trust because appellant would be unjustly enriched if the property were awarded to Senior's estate. Unjust enrichment occurs when a party retains money or benefits which, in justice and equity, belong to another. Hummel v. Hummel (1938), 133 Ohio St. 520, 528;Liberty Mut. Ins. Co. v. Indus. Comm. (1988),40 Ohio St.3d 109,110-111. In the case at bar, Junior made monthly payments on the property for more than 20 years and has likely paid off the entire balance of the land contract. He has also paid the real estate taxes on the property since 1984. Junior made significant improvements to the property. He made the house livable, added a concrete driveway and built two buildings on the property: one for living space and the other a garage for operating a business. Junior testified that he spent a significant amount of money improving the property.
 {¶ 18} Additionally, the finding that Senior intended to purchase and hold the property on Junior's behalf is also supported by competent, credible evidence. Although appellant testified that Senior rented the property to Junior, Senior did not report any income, expenses, or depreciation from this property on his federal tax returns. Moreover, Senior owned multiple rental properties over the years and consistently reported income, expenses, and depreciation from those properties on his federal income tax returns. Finally, Junior testified that he owned the property. The resolution of conflicting testimony is largely a matter for the trier of fact. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. The trier of fact is free to believe or disbelieve all or any of the testimony. Statev. Crawford, Franklin App. No. 03AP-986, 2004-Ohio-4652, at ¶ 7. Conflicting testimony does not render a judgment against the manifest weight of the evidence. Giving due deference to the role of the trier of fact, we believe that the trial court acted within its province. See Clark v. Oancea (Sept. 7, 1999), Franklin App. No. 98AP-1274; cf. Crawford, at ¶ 10.
 {¶ 19} Because the imposition of a constructive trust was supported by competent, credible evidence, and was not against the manifest weight of the evidence, appellant's third assignment of error is overruled.
 {¶ 20} Appellant contends in her fourth assignment of error that appellees' claim for unjust enrichment was barred by the statute of limitations. A claim for unjust enrichment is subject to a six-year statute of limitations. R.C. 2305.07. Such a claim arises when a party retains money or benefits which, in justice and equity, belongs to another. Ignash v. First Service FederalCredit Union, Franklin App. No. 01AP-1326, at ¶ 17, citingLiberty Mut. Ins. Co. v. Indus. Comm. (1988),40 Ohio St.3d 109, 110-111. The claim accrues on the date when the money or property is wrongly retained. Palm Beach Co. v. Dun Bradstreet, Inc. (1995), 106 Ohio App.3d 167, 175. Appellant contends appellees' claim accrued on March 12, 1972, when Senior purchased the property. We disagree.
 {¶ 21} Appellees' claim for unjust enrichment did not accrue until Senior wrongfully asserted ownership of the property. The record indicates that Senior did not assert an ownership interest in the property that was adverse to Junior's interest until December 1998 or January 1999, when Senior allegedly sent Junior a letter increasing the rent and thereafter, served Junior with a notice to leave the premises. Because appellees asserted their claim for unjust enrichment within six years of when Senior asserted ownership of the property, their claim was not barred by the six-year statute of limitations. Appellant's fourth assignment of error is overruled.
 {¶ 22} In her fifth assignment of error, appellant contends the trial court erred by failing to apply the laches defense to appellees' claims. Laches is "`an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.'" Connin v.Bailey (1984), 15 Ohio St.3d 34, 35, quoting Smith v. Smith
(1957), 107 Ohio App. 440, 443-444. Delay in asserting a right does not of itself constitute laches. The person asserting the laches defense must show that he or she has been materially prejudiced by the delay. Smith v. Smith (1959),168 Ohio St. 447, paragraph three of the syllabus.
 {¶ 23} The record reflects that appellees' ownership of the property was not disputed until, at the earliest, December 1998 or January 1999. It does not appear that Senior did anything before that time to alert Junior of Senior's alleged ownership interest. Arguably, it may not have even been entirely clear to appellees that Senior claimed ownership of the property at this point in time because Junior denied receiving the December 1998 letter. Nor did Senior follow through with the attempts to evict Junior. Lastly, appellant has not shown how any delay prejudiced her or Senior's estate. As soon as appellant listed the property as an asset of the estate, appellees objected to appellant's inventory. The record supports the trial court's conclusion that appellees did not unreasonably delay in asserting their claims. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 24} Appellant contends in her sixth assignment of error that the trial court erred by "quieting title" in favor of Junior. First, the trial court did not quiet title in favor of Junior. It merely held that Junior's interest in the property would prevail over the interest asserted by appellant. Second, the Jordans, who sold the property, pursuant to a land contract, would be necessary parties to an action to quiet title. The Jordans were not parties to this action. The trial court did not resolve all issues associated with title to the property. It only resolved the dispute between appellant and appellees. Therefore, appellant's sixth assignment of error is overruled.
 {¶ 25} In her seventh assignment of error, appellant contends the trial court erred by failing to apply the clean-hands doctrine to bar appellees' claims. Again, we disagree. The clean-hands doctrine requires that whenever a party takes the initiative to set in motion the judicial machinery to obtain some remedy, but has violated good faith by his or her prior-related conduct, the court will deny the remedy. Marinaro v. MajorIndoor Soccer League (1991), 81 Ohio App.3d 42, 45. "The maxim, `he who comes into equity must come with clean hands,' requires only that the plaintiff must not be guilty of reprehensible conduct with respect to the subject matter of his suit." Id., quoting Kinner v. Lake Shore Michigan S. Ry. Co. (1904),69 Ohio St. 339, paragraph one of the syllabus. In order for the doctrine to bar a plaintiff's claims, the plaintiff must be found to be at fault in relation to the defendant and the transaction upon which the claims are based. Trott v. Trott (Mar.14, 2002), Franklin App. No. 01AP-852.
 {¶ 26} Appellant claims that the clean-hands doctrine applies because Junior misrepresented that he signed the land contract, rather than Senior, which required appellant to retain a handwriting expert and depose additional witnesses to prove the authenticity of the signature. She also points to Junior's conflicting testimony regarding where he lived during the 1970's. However, Junior's evolving legal theories and the existence of conflicting testimony is not sufficient to invoke the clean-hands doctrine. The conduct appellant refers to occurred during the course of this litigation. It is not conduct that is related to, or gave rise to, the underlying dispute. Accordingly, the clean hands doctrine is inapplicable to the present facts and appellant's seventh assignment of error is overruled.
 {¶ 27} Finally, appellant contends in her eighth assignment of error that the decision to deny her past rent is against the manifest weight of the evidence. We disagree. The record supports the trial court's determination that appellant failed to prove by a preponderance of the evidence that Junior owed any past rent. Moreover, the concept of rent is inconsistent with the trial court's imposition of a constructive trust in favor of Junior. Therefore, we cannot say that the judgment was against the manifest weight of the evidence. Appellant's eighth assignment of error is overruled.
 {¶ 28} In conclusion, having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bowman and Petree, JJ., concur.