[Cite as *State v. Davis*, 2016-Ohio-7319.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 BE 0034 |
| VS. | ) | |
| | ) | OPINION |
| ALEXANDER DAVIS, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 14 CR 282

JUDGMENT: Reversed and remanded.

APPEARANCES:
For Plaintiff-Appellee

Attorney Daniel P. Fry
Belmont County Prosecutor
Attorney J. Flanagan
Assistant Prosecutor
147-A West Main Street
St. Clairsville, Ohio49350

For Defendant-Appellant

Attorney Brent Clyburn
604 Sixth Street
Moundsville, WV 26041

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: October 7, 2016

DeGENARO, J.

{¶1} Defendant-Appellant Alexander Davis, Jr. appeals the trial court's judgment, arguing the court erred in sentencing him to a maximum term. Although we conclude the eight-year term chosen is supported by the record, the trial court erred in its post-release control notification. Accordingly, the trial court's judgment is reversed in part, remand for limited resentencing hearing with regard to post-release control pursuant to R.C. 2929.191(C)

{¶2} Davis pled guilty to one count of drug trafficking, a second-degree felony. A presentence investigation was ordered and prepared. Following a sentencing hearing, the trial court imposed a maximum eight-year prison term.

{¶3} In his sole assignment of error, Davis asserts:

> The trial court erred in sentencing the defendant-appellant, Alexander Davis, Jr., to a maximum prison term of eight (8) years following his conviction for one (1) count of "trafficking in drugs," a felony of the second degree.

{¶4} We review a felony sentence to determine whether the trial court's findings—or where findings are not required, the sentence itself—are clearly and convincingly unsupported by the record, or whether the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Marcum*, Slip Opinion 2016-Ohio-1002, ¶ 1; ¶ 23.

{¶5} This case presents us with one of our first opportunities to interpret or apply *Marcum* in great detail. However, as the Eighth District recently held, *Marcum* does not permit appellate courts to independently weigh the sentencing factors in R.C. 2929.12 on review. *State v. Ongert*, 8th Dist. No. 103208, 2016-Ohio-1543, ¶ 14. The court continued:

> * * * the *Marcum* analysis applies to situations in which not one sentencing factor supports a stated prison term or the trial court erroneously relied on factors that did not exist. For instance, if the trial court had *specifically indicated that the defendant's criminal history*

*supported the stated prison term, but the defendant was a first-time offender and no other factor in favor of the sentence existed,* then the *Marcum* standard would apply and the appellate court may take the appropriate action. *See, e.g., State v. Whitt*, 2d Dist. Clark No. 2014-CA-125, 2016-Ohio-843, ¶ 8 (trial court was not required to, but provided reasons for imposing the sentence, and those reasons were supported by the record).

(Emphasis added.) *Ongert* at ¶ 13.

**{¶6}** The trial court here was not required to make any findings under the statutes referenced by R.C. 2953.08(G) before imposing a sentence. Davis argues a maximum eight-year term was improper because the trial court mischaracterized some of his criminal history and relied upon the same in sentencing him. Specifically, he maintains the trial court relied upon the fact that he had a prior conviction for drug trafficking that was actually a conviction for attempted trafficking, and another for drug possession of drugs that was in fact for attempted possession. Further, Davis claims the court included in its recitation of his criminal history a robbery conviction where the disposition of that charge was actually unknown.

**{¶7}** Davis cites *State v. Collins*, 4th Dist. No. 03CA29, 2004-Ohio-3606, for his assertion that when a trial court specifically relies on inaccurate information at sentencing, which, in turn, affects its findings and considerations, such may constitute error. However, *Collins* does not support reversal of Davis' sentence because in that case defense counsel brought the inaccuracies to the attention of the trial court at sentencing, and, moreover, the appellate court found Collins had not demonstrated that the trial court specifically relied on the alleged inaccuracies, and thus were at most, harmless error. *Id.* at ¶ 23- ¶ 24.

**{¶8}** Here the trial court's slight mischaracterization of Davis' criminal record is also harmless. While three crimes were misstated, 21 others were accurately portrayed. Furthermore, in its sentencing entry, the trial court accurately related 19 crimes for which Davis had been convicted, including the two that had been

misstated at sentencing. Finally, in its findings relative to the R.C. 2929.12(B) and (D) factors it considered before sentencing him to the maximum term, the trial court referenced several additional factors it considered prior to sentencing including the fact that Davis "has not responded to sanctions previously imposed" and that he "has an established pattern of criminal activity without 'good faith' treatment and/or an effort to change his lifestyle."

**{¶9}** Having concluded the eight-year prison term is supported by the record, we must determine whether the sentence is otherwise contrary to law. "A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute." *State v. Wolters*, 7th Dist. No. 14 NO 417, 2014-Ohio-5515, ¶ 9. Davis was afforded his allocution rights pursuant to Crim.R. 32(A)(1). His eight-year sentence was the maximum permitted under the statutory sentencing range. R.C. 2929.14(A)(2). The trial court considered the principles and purposes of felony sentencing and the sentencing factors. R.C. 2929.11; R.C. 2929.12.

**{¶10}** But the trial court erred in its imposition of postrelease control. During the hearing and in the sentencing entry, the trial court stated that Davis is subject to a period of post-release control of "*up to* three years." (Emphasis added.) Davis was convicted of a non-sex offense second-degree felony; the proper postrelease control period for which is a definite three-year term. R.C. 2967.28(B)(2). "The 'up to' three [year] period of postrelease control is for offenders who committed third, fourth, and fifth-degree felonies." *State v. Rodriguez–Baron*, 7th Dist. No. 10–MA–176, 2012–Ohio–1473, ¶ 17, citing R.C. 2967.28(C). *See also State v. Frazier*, 7th Dist. No. 14 BE 35, 2015-Ohio-2204, ¶ 17-20.

**{¶11}** In *Rodriguez–Baron* and *Frazier* we reversed and remanded for a limited resentencing pursuant to R.C. 2929.191 for the same circumstances: the imposition of postrelease control of "up to three years" for a second-degree felony. *Rodriguez–Baron* at ¶ 24; *Frazier* at ¶ 18-20. The same outcome is warranted here.

**{¶12}** R.C. 2929.191 establishes a procedure to remedy a sentence that fails

to properly impose a term of postrelease control. It applies to offenders sentenced after July 11, 2006, who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control; those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control; or, those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B); *State v. Singleton*, 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958, ¶ 1, 23.

{**¶13**}  Thus, in sum, Davis' assignment of error is meritorious, in part. The trial court did not err by sentencing him to the maximum eight-year prison term. However, the trial court erred by failing to impose the proper term of post-release control and thus, the judgment of the trial court is reversed and the matter remanded for a limited resentencing regarding post-release control.


Donofrio, P. J., concurs.

Robb, J., concurs.