John **MACHIBRODA**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. C 73-54.**

United States District Court,
N. D. Ohio, W. D.

July 11, 1973.

Gerald B. Lackey, Toledo, Ohio (Court-appointed), for petitioner.

Erie D. Chapman III, Asst. U. S. Atty., Toledo, Ohio, for respondent.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge:

Petitioner has filed a motion for an order disclosing to him and his counsel the presentence report and affording the opportunity to them to comment thereon. The Government has not opposed the motion.

This motion of the petitioner is filed pursuant to the provisions of Rule 17 of the Local Criminal Rules. These local rules were promulgated in accordance with Rule 57 Fed.R.Crim.P. Rule 17 L. Crim.R. reads as follows:

### Rule 17

### PRESENTENCE REPORT

The Court, before imposing sentence, may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel may also be disclosed to the attorney for the Government.

■ Rule 17 L.Crim.R. would appear to apply here, even though this superficially is a civil action for post-conviction relief, because actually the civil action has terminated with the order vacating the sentence. Hence, at this point the proceedings are actually in the original criminal case. Nevertheless, it must be observed that this Rule makes the matter of disclosure a purely discretionary matter.

The present case is a somewhat complex one. It commenced as an action for post-conviction relief. Petitioner was originally sentenced in 1956 on two charges of bank robbery to consecutive terms of twenty-five and fifteen years. He served a portion of the sentence and was released on parole in 1969. Later he was charged with violation of parole, and after a hearing before the Board of Parole was found in violation and ordered to serve the remaining portion of his sentence.

Thereafter, this action was commenced, claiming that the judge who had originally imposed sentence had considered matters dehors the record and unknown to the defendant Machibroda, petitioner here. The trial judge, relying on United States v. Tucker, 404 U.S. 443, 92 S.Ct. 582, 30 L.Ed.2d 592 (1972), found in favor of the petitioner as to this matter, vacated the original sentence, ordered the case assigned to another judge for re-sentencing of the petitioner, and ordered that a presentence report be prepared. The case was then assigned to this judge for re-sentencing.

Thereafter, petitioner, through his counsel, asked that the presentence report include all relevant information concerning the petitioner as of the present time, rather than containing only information about petitioner as of the date of the original sentencing.

It appears from the pleadings in this matter that although the petitioner was only charged with the robberies of two banks, involving losses to the banks of some $38,000.00, the sentencing judge stated that the petitioner had robbed five banks of amounts totaling nearly $170,000.00, and that the sentence was

imposed upon this basis. Thus the petitioner's claim appears to come within the ruling in the *Tucker* case. This Court, however, has no concern with these matters, which are stated only to give the background of the present problem.

Obviously, under such circumstances, it would seem almost mandatory to reveal to the petitioner and his counsel the contents of any presentence report which the Court might consider. However, it would be dangerously simplistic to fall into this trap, if for no other reason than that under our system of *stare decisis*, once a particular ruling is made, even in a purely discretionary matter, it thereafter stands as a precedent requiring that similar rulings be made in future cases.

The matter of sentencing, and presentence or post-sentence procedures, is presently one which is the subject of much comment and many proposed changes. Most of the commentators and proposers of change have had little, if any, practical experience with the judicial process of sentencing. None of them seem to have given any more than superficial consideration to the deep and complex legal and practical problems that are involved.

This is not an appropriate place in which to explore these problems in depth. Suffice it to say that there are two diametrically opposite approaches to sentencing. One was expressed by W. S. Gilbert, about a century ago, in the following words:

My object all sublime,

I shall achieve in time,

To let the punishment fit the crime,

The punishment fit the crime.

The other was expressed by Judge Julian Mack, writing in the Harvard Law Review in 1909. While Judge Mack was concerned with juvenile law, modern correctional theory extends his concept to all law violators. Paraphrasing his language to this view, it becomes as follows:

The problem for determination by the judge is not, Has this [person] committed a specific wrong, but What is he, how has he become what he is, and what had best be done in his interest and in the interest of the state to save him from a downward career.

Obviously, if the Gilbertian system is employed, a presentence report is totally unnecessary for the court, however useful it may be to the penal authorities who inflict the punishment prescribed. If the Mack system is chosen, then the presentence report is vital, for the court must have all possible information about the past history of the defendant.

Both systems have serious drawbacks. The Gilbertian system involves a rigidity of approach that places intolerable strains on the justice system when it deals with the situational offender who has committed a single crime of opportunity. Conversely, the Mack system leads inevitably to what is called "disparity of treatment."

So far as the judicial branch of the government is concerned, the trend is clearly toward Judge Mack's ideas, and serious attention is presently being given to various devices to control the so-called "disparity of treatment." Until a mathematics is developed in which one can add apples and oranges, these devices are not likely to prove workable, for they seek to get sentences which are uniform on the basis of offense while they are being imposed on a basis of uniformity of offenders.

The legislative branch, on the other hand, takes the other course, and opts for the Gilbertian ideal. It attacks the "disparity" problem head on, by requiring the imposition of mandatory, fixed, prison terms for whatever type of criminal offense is currently most unpopular.

The trial judge is in the midst of the Maelstrom of the conflicting philosophies and legislative and appellate court rulings. He must try to keep his head above the water while the convicted criminal defendant tries to overwhelm

him with whatever deluge of theory will get an easy sentence.

Practical experience dictates that both the prosecution and the defense have, during trial and at time of sentencing, ample opportunity to inform the sentencing judge of every fact and circumstance that is relevant to the determination of sentence. It is this judge's practice to invite written memoranda from both the Government and the defendant in advance of sentencing, in addition to the allocution which gives the defendant and his counsel the opportunity for saying that last word before sentence is pronounced. Certainly no one knows better than a defendant what his past history is, and where his strengths and weaknesses lie. There is no longer a problem of self-incrimination to inhibit free expression once a judgment of conviction is entered. What either the Government or the defense may have to say with respect to sentencing must and can be said openly.

Practical experience over thirty-nine years at the bar, with twenty-one of those years on the bench, also teaches that parties to litigation, civil or criminal, have an overwhelming desire to state their positions in the most favorable terms, often, if not always, particularly in criminal matters, without much regard for objective truth. The Court, which is to try to hold the balance true, and to be objective and impartial, needs some help in checking the veracity of conflicting statements. Basically, it is to provide that help that the presentence investigation and report are made.

One of the ancient elements of the adversary process for determining factual disputes is the element of uncertainty. A person involved in this process runs the risk, if he is tempted to falsify, that his opponent may have the evidence which will expose his falsity, and thus, by application of the maxim *"Falsus in uno, falsus in omnibus"* destroy his entire case.

The Court, in dealing with the matter of sentence, ought not to be deprived of this protection of the element of uncertainty. If a presentence report is undisclosed, the defendant, unless he decides to keep quiet and take his chances, must be honest in presenting himself and his history, or take the chance of prejudicing himself by adding deceit to whatever other offense he may have been convicted of.

 To the argument that it is unfair not to give the defendant an opportunity to refute unfavorable matters that may be included in the presentence report, there are two answers. First, if he candidly presents to the Court both his strengths and weaknesses, it is highly unlikely that there will be anything in the report that he has not responded to. Second, and far more important, where, as here, the Court has a highly trained, very experienced, and fully professional probation staff, the report is prepared, not to poison the Court's mind against the defendant, but to give an objective, but not unsympathetic, picture of him. One of the essentials for securing the kind of information necessary to prepare such a report is the element of the ultimate confidentiality of the report. Routine disclosure of reports, or even a single disclosure, could well damage that essential element, perhaps irreparably.

Unless it is certain that a new method or procedure is better than the old, under our system of law it is preferable to follow the old rules. I am not convinced that the old rule that presentence reports are to be held in confidence by the Court is wrong, or that harm will not come if it be abandoned.

Even though, as pointed out above, the peculiar legal and factual situation in this case makes it one where the Court could best protect itself against further onslaughts by the petitioner herein by disclosing the presentence report to him and his counsel, I am unwilling to let a hard case make bad law, and establish a precedent for doing what I am convinced ought not to be done.

For the reasons stated herein, it is

Ordered that the motion of the petitioner for an order disclosing to him and his counsel the presentence report and affording the opportunity to them to comment thereon should be and hereby is overruled.

It is so ordered.