OPINION *Page 2 
{¶ 1} Defendant-appellant, Scott L. Dobbelaere (hereinafter "Dobbelaere"), appeals the Defiance County Court of Common Pleas imposition of sentence. For reasons that follow, we affirm.
 {¶ 2} On February 14, 2008, Dobbelaere pled guilty to one count of robbery in violation of R.C. 2911.02(A)(2), a second degree felony, and one count of inducing panic in violation of R.C. 2917.31(A)(1), a fourth degree felony.
 {¶ 3} On April 4, 2008, the trial court held a sentencing hearing. At the hearing, the trial court informed the parties that it had received a pre-sentence investigation (PSI) report, along with two (2) victim impact statements. The trial court, however, did not permit defense counsel or the prosecution to review the entire PSI report, but only a report summary.
 {¶ 4} On April 8, 2008, the trial court entered its judgment entry of sentence, sentencing Dobbelaere to eight years (8) imprisonment on the robbery count and eighteen (18) months on the inducing panic count. The trial court further ordered that these terms be served consecutively, for a total aggregate sentence of nine (9) years and six (6) months imprisonment.
 {¶ 5} On May 8, 2008, Dobbelaere filed this present appeal and now asserts two assignments of error for our review. We have elected to address the assignments of error out of the order they appear in Dobbelaere's brief. *Page 3 
 ASSIGNMENT OF ERROR NO. II The Court erred in providing defense counsel and this Court with only a "PSI Summary" and not the entire report.
 {¶ 6} In his second assignment of error, Dobbelaere argues that the trial court erred by providing his counsel with only a summary of the PSI report and not the entire report. Furthermore, Dobbelaere argues that the trial court erred by not providing this Court a copy of the entire PSI for purposes of sentencing review under R.C. 2953.08(F)(1). The State, on the other hand, argues that the trial court's determination to limit the PSI contents is not an appealable issue. The State also submits that Dobbelaere failed to object, and therefore, has waived all but plain error on appeal. We agree with the State that this issue is not appealable.
 {¶ 7} R.C. 2951.03 provides, in pertinent part:
 (B)(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:
 (a) Any recommendation as to sentence;
 (b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;
 (c) Any sources of information obtained upon a promise of confidentiality;
 (d) Any other information that, if disclosed, the court believes *Page 4 might result in physical harm or some other type of harm to the defendant or to any other person.
 * * *
 (3) If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence. The court shall permit the defendant and the defendant's counsel to comment upon the oral or written summary of the report.
 * * *
 (C) A court's decision as to the content of a summary under division (B)(3) of this section or as to the withholding of information under division (B)(1)(a), (b), (c), or (d) of this section shall be considered to be within the discretion of the court. No appeal can be taken from either of those decisions, and neither of those decisions shall be the basis for a reversal of the sentence imposed.
(Emphasis added). Under subsections (B)(1) and (B)(3), the trial court has discretion to limit the PSI contents and may provide an oral or written PSI summary to the defendant and the defendant's attorney. Subsection (C) specifically provides that the trial court's decision in this regard is not appealable and shall not be the basis for a reversal of sentence. Accordingly, the trial court's failure to release the full PSI is not appealable as error.
 {¶ 8} Dobbelaere's argument that the trial court erred in not supplementing the record on appeal with the entire PSI also lacks merit. Although Dobbelaere correctly notes that the record on appeal for sentencing issues includes the PSI, the PSI is not formally made part of the record by filing because it is a confidential document. R.C. 2953.08(F)(1); R.C. 2951.03(D)(1)-(3). See also, *Page 5 State ex rel. Beacon Journal Publishing Co. v. Whitmore (1998),83 Ohio St.3d 61, 66, 697 N.E.2d 640 (PSI is not a public record under R.C. 149.43). For these reasons, the clerk, or in some counties the court itself, submits the PSI under seal to the appellate court for review under R.C. 2953.08(F)(1). See R.C. 2951.03(D)(1), (3).[1]
 {¶ 9} Dobbelaere's second assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. I The trial court erred in sentencing Mr. Dobbelaere to a maximum and consecutive sentences.
 {¶ 10} In his first assignment of error, Dobbelaere argues that the trial court erred in sentencing him to maximum consecutive sentences. Specifically, Dobbelaere contends that the trial court's sentencing does not comport with R.C. 2929.12; his offense was not the one of the worst forms; his sentence was disproportionate as compared to other more serious offenders' sentences; and, the court's sentencing on the inducing panic charge does not comport with R.C. 2929.14.
 {¶ 11} The State, on the other hand, contends that the trial court considered the appropriate statutory factors and the general principles and purposes of sentencing. The State also points out that Dobbelaere initially lied to the police when questioned, he expressed no genuine remorse, and his explanation for why *Page 6 
he committed the crime changed from a terminal cancer diagnosis to using the money for drug trafficking. Under these circumstances, the State argues that the trial court's sentence should be upheld. We agree.
 {¶ 12} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.[2] State v.Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *);State v. Rhodes, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4;State v. Tyson, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; State v. Boshko (2000), 139 Ohio App.3d 827, 835,745 N.E.2d 1111. An appellate court *Page 7 
should not, however, substitute its judgment for that of the trial court because the trial court is `"clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims."' State v. Watkins, 3d Dist. No. 2-04-08,2004-Ohio-4809, ¶ 16, quoting State v. Jones (2001), 93 Ohio St.3d 391,400, 754 N.E.2d 1252.
 {¶ 13} Defendant's argument that the trial court failed to consider R.C. 2929.12 and 2929.14 lacks merit. As an initial matter, trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences," except when making a downward departure under R.C. 2929.13(D) or R.C. 2929.20(H). State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, ¶ 100; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, at paragraph one of the syllabus. Aside from that, the trial court's judgment entry of sentence sub judice specifically states that it considered the factors present in R.C. 2929.12. (Apr. 8, 2008 JE). The trial court also stated in its judgment entry of sentence that "the offense committed was a premeditated crime and that it was a horrific act which affected many people and the community." (Id.). In fact, the store clerk victim in this case actually changed employment after the robbery, even though she had worked at the store for eighteen years. (Apr. 4, 2008 Tr. at 4); See R.C. 2929.12(B)(2). These statements indicate that the trial court, in fact, also considered R.C. 2929.14. *Page 8 
 {¶ 14} During the sentencing hearing, the trial court noted that it had reviewed the PSI and victim impact statements. (Apr. 4, 2008 Tr. at 3). The trial court noted that Dobbelaere's responses to the PSI questions demonstrated a lack of remorse, and his reason for committing the crime was not logical:
 He's asked in part of the pre-sentence to describe the offense. His response is quote, held up Chief Supermarket, told had explosive, wanted to go to Hawaii, end quote. Of course that doesn't match up real well with his other statements that he was essentially using this to fund his cocaine trafficking operation. And I'm really kind of troubled by the contents of the psychologist's report. The effort there seems to be cast this as somehow excusable because he was advised of a terminal illness. And, obviously, being sick wouldn't be an excuse for criminal behavior but it doesn't seen to me to be a rational response when confronted with your own mortality to go plan and commit a act of terror. I mean — This is not impulsive, I need money, I got a gun, stick up the store clerk. I mean this is intricately designed and planned and you've got the creation of a device, you've got the disguise, you've got the other efforts to avoid detection —
(Id. at 10-11); See R.C. 2929.12(D)(5). The trial court also noted that Dobbelaere's robbery and inducing panic crimes were heinous:
 The crime is so bad is the problem. I mean it's an absolute horrific act. I mean — it goes beyond a personal confrontation. I mean he's affected a whole store full of people and the whole community by that type of act. * * * I think as to the offenses of Robbery and Inducing Panic that the circumstances of the offenses notwithstanding those matters require maximum terms.
(Id. at 12-13). See R.C. 2929.14(B)(2). The trial court also noted that Dobbelaere's version of the facts changed during the investigation:
 He — When initially apprehended after this, lied to the police and made up a story about where his car was and things like *Page 9 that and it was only after they told him that they already had his vehicle that he apparently decided that it, that he wasn't going to get away with it and then told them where he was.
(Id. at 9). Based on the forgoing, it is clear to this Court that the trial court properly considered the relevant statutory sentencing factors when sentencing Dobbelaere to maximum consecutive sentences.
 {¶ 15} Dobbelaere also argues that his sentence was disproportionate compared to the sentences given to others for the same offense. We disagree. Dobbelaere entered a store full of patrons, placed a matchbox with red wires and a red plastic electronic piece attached to it on the store clerk's counter. He handed the clerk a note, which stated "high explosive no activate wait five minutes after leave put money in envelope not alone." (PSI). The store clerk placed over $5,000 into a money bag and handed it to Dobbelaere. Once he left, the store clerk activated the store alarm, and management evacuated the building. (Id). As the trial court noted, this crime was premeditated and affected an entire store full of people. It is also evident that the store clerk victim was greatly traumatized by the incident. Furthermore, the record also indicates that Dobbelaere had prior convictions, including: two OVIs, three passing bad checks, and two misdemeanor traffic offenses. (Id. at 12); (PSI). Dobbelaere has a third pending OVI charge. (PSI). Moreover, Dobbelaere has been using cocaine since age twenty-five, and he used the stolen money to purchase cocaine for drug trafficking purposes. (PSI). *Page 10 
All of these aggravating factors support the trial court's imposition of maximum consecutive sentences.
 {¶ 16} Based upon our review of the record herein, including the PSI, the sentencing hearing transcripts, victim impact statements, and the judgment entry of sentencing, we cannot conclude that the trial court erred in sentencing Dobbelaere to maximum consecutive sentences.
 {¶ 17} Dobbelaere's first assignment of error is, therefore, overruled.
 {¶ 18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, J., concurs.
 WILLAMOWSKI, J., concurs separately.
[1] As a practical matter, typically an appellant's attorney will request that the PSI be transmitted with the record on appeal in his/her Statement and Praecipe to the Clerk.
[2] This Court notes that the Ohio Supreme Court has recently released a plurality opinion on the issue of whether a clear and convincing standard or an abuse of discretion standard is proper for reviewing felony sentences under R.C. 2953.08(G). State v. Kalish (Oct. 2, 2008), Slip Opinion No. 2008-Ohio-4912. Although this Court utilized our precedential clear and convincing standard, affirmed and adopted byKalish's three dissenting Justices, we would have concluded that Dobbelaere's sentence was proper under the Kalish plurality's two-step approach as well.