[Cite as *State v. Satterwhite*, 2017-Ohio-6937.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                    CASE NO. 17-17-05

     v.

RONALD A. SATTERWHITE,            O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Sidney Municipal Court
Trial Court No. 16 CRB 00840

Judgment Affirmed

Date of Decision: July 24, 2017


APPEARANCES:

    *Laura E. Waymire* for Appellant

    *Jeffrey L. Amick* for Appellee

Case No. 17-17-05

**PRESTON, P.J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary journal entry. Defendant-appellant, Ronald A. Satterwhite ("Satterwhite"), appeals the March 28, 2017 judgment entry of sentence of the Sidney Municipal Court of Shelby County, Ohio. We affirm.

{¶2} On November 28, 2016, Satterwhite was charged by complaint for the violation of a protection order in violation of R.C. 2919.27(A)(1), a first-degree misdemeanor. (Doc. No. 1). Subsequently, Satterwhite appeared and entered a plea of not guilty. (Doc. No. 4). On February 14, 2017, pursuant to a negotiated plea agreement, Satterwhite withdrew his plea of not guilty and entered a plea of guilty to an amended charge. (Doc. Nos. 6, 8). In exchange for his change of plea, the State agreed to amend the charge to a misdemeanor of the fourth degree disorderly conduct in violation of R.C. 2917.11(A)(1). (*Id.*). The trial court amended the charge, accepted Satterwhite's guilty plea, found him guilty, and ordered a presentence investigation ("PSI"). (Doc. No. 8). On March 28, 2017, the trial court sentenced Satterwhite to 25 days in jail and ordered him to pay a $250 fine.[1] (Doc. No. 11); (Mar. 28, 2017 Tr. at 9).

---

[1] The trial court "suspended execution" of Satterwhite's sentence pending the resolution of this appeal. (*See* Doc. Nos. 13, 19).

{¶3} On March 28, 2017, Satterwhite filed a notice of appeal. (Doc. No. 14). He raises one assignment of error for our review.

**Assignment of Error**

**The trial court erred when it sentenced Appellant without providing him or his counsel the opportunity to review and comment on the presentence investigation report violating the mandatory requirements of R.C. 2951.03 and Appellant's due process rights.**

{¶4} In his assignment of error, Satterwhite argues that the trial court erred by sentencing him without providing him the opportunity to review the contents of the PSI report.

{¶5} "We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard." *State v. Nolan*, 3d Dist. Marion No. 9-15-48, 2016-Ohio-2985, ¶ 12, citing R.C. 2929.22 and *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, ¶ 15 (1st Dist.). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶6} Notwithstanding this court's conclusion regarding the confidentiality of PSI reports in *State v. Wooten*, we conclude based on the current version of R.C. 2951.03 and Crim.R. 32.2 that, in a misdemeanor-offense case, when a PSI report is completed and relied on by the trial court at sentencing, it is mandatory that the trial court permit the defendant or the defendant's trial counsel to read the report,

or, if one of the statutory exceptions applies, provide a written or oral synopsis of the factual information contained in the report that will be relied on in determining the defendant's sentence. *See* R.C. 2951.03(B)(1); Crim.R. 32.2. *See also State v. Wooten*, 3d Dist. Crawford No. 3-94-7, 1994 WL 530694, *4 (Sept. 29, 1994). *Accord State v. Posey*, 6th Dist. Ottawa No. OT-10-044, 2012-Ohio-1108, ¶ 7; *State v. Posey*, 6th Dist. Ottawa No. OT-10-044, 2012-Ohio-2229, ¶ 4.

**{¶7}** "A PSI report serves to inform the sentencing judge of relevant aspects of the defendant's history, so that the court will sentence the defendant in an informed, responsible, and fair manner." *Posey*, 2012-Ohio-1108, at ¶ 4, citing *State v. Liming*, 2d Dist. Greene No. 03CA43, 2004-Ohio-168, ¶ 41, citing *Machibroda v. United States*, 360 F.Supp. 780 (N.D.Ohio 1973). "The report and its contents are governed by Crim.R. 32.2 and R.C. 2951.03." *Id.*

**{¶8}** Crim.R. 32.2 provides that "[i]n felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report * * *." "Thus, in a misdemeanor case, a presentence investigation report is not mandatory." *Posey*, 2012-Ohio-2229, at ¶ 3. "[T]he legislature clearly mandated that a defendant or his counsel have access to the factual information in the PSI report prior to sentencing." *Posey*, 2012-Ohio-1108, at ¶ 5. Indeed, "R.C. 2951.03(B), which pertains to presentence reports ordered pursuant to Crim.R. 32.2, states that, except under certain circumstances, the [trial] court '*shall permit the*

*defendant or the defendant's counsel to read the report * * *.*" (Emphasis added.)
*Posey*, 2012-Ohio-2229, at ¶ 3, quoting R.C. 2951.03(B)(1). *See also State v. Gaspareno*, 3d Dist. Marion No. 9-15-15, 2016-Ohio-990, ¶ 37 ("If a PSI is ordered, R.C. 2951.03 gives several rights to a defendant and his or her counsel.").

{¶9} "Under the statute, the defendant is not permitted to read certain information, such as any sentence recommendation, a diagnostic opinion if it might seriously disrupt a program of rehabilitation for the defendant, promised confidentiality for information sources, and any other information that, if disclosed, might cause physical or other harm to the defendant or other persons." *Posey*, 2012-Ohio-1108, at ¶ 5, citing R.C. 2951.03(B)(1)(a)-(d). *See also State v. Dobbelaere*, 3d Dist. Defiance No. 4-08-19, 2008-Ohio-6074, ¶ 7. "If the [trial] court determines, however, that any information should not be disclosed, in lieu of permitting defendant or his counsel to view the report, the court '*shall* state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence.'" (Emphasis added.) *Posey*, 2012-Ohio-1108, at ¶ 5, quoting R.C. 2951.03(B)(3). *See also Dobbelaere* at ¶ 7 (discussing the trial court's "discretion to limit the PSI contents" and authority "to provide an oral or written PSI summary" under R.C. 2951.03(B)(1) and (3) when it limits the PSI contents, and noting that the trial court's decision to limit disclosing

the PSI contents under R.C. 2951.03(B)(1) and (3) is not appealable under R.C. 2951.03(C)).

{¶10} At the commencement of the sentencing hearing, after the trial court announced that it reviewed the PSI report, Satterwhite's trial counsel informed the trial court that neither she nor Satterwhite was "granted access to the entire report" and requested "access to the entire report." (Mar. 28, 2017 Tr. at 2). The trial court denied Satterwhite's request after concluding that R.C. "2951.03 only applies to felonies." (*Id.*).

{¶11} The trial court erroneously concluded that R.C. 2951.03 applies only to felony-offense cases. Instead, when the trial court orders in a misdemeanor-offense case the preparation of a PSI report and relies on that PSI report at sentencing, the prescriptions of R.C. 2951.03 apply to that PSI report. Accordingly, we hold that, in a misdemeanor-offense case when a PSI is ordered and relied on at sentencing, under R.C. 2951.03 "the trial court must give access to the PSI report, or, in the alternative, must provide a summary if it determines full disclosure of the report would be harmful or wholly confidential." *Posey*, 2012-Ohio-1108, at ¶ 7.

{¶12} At no time during the sentencing hearing did the trial court determine that the PSI report was being withheld from Satterwhite and his trial counsel because of any of the statutory factors. *See* R.C. 2951.03(B)(1)(a)-(d). *Compare Posey*, 2012-Ohio-1108, at ¶ 6 ("At no time during the sentencing hearing did the court

-6-

make a determination that the PSI report was being withheld from counsel or appellant because of any of the statutory factors, nor did the court provide an oral or written summary of the factual content of the PSI report."). Moreover, the record reflects that the trial court relied on the PSI report in imposing Satterwhite's sentence. *Compare Posey*, 2012-Ohio-1108, at ¶ 6. Because the trial court did not provide Satterwhite or his trial counsel access to the required portions of the PSI report, or, in the alternative, provide an oral or written summary of the factual content of the PSI report, Satterwhite was denied the opportunity of determining whether any factual errors existed in the report and to refute such errors. *Id.* As such, we conclude the trial court erred in denying appellant access to the PSI report, as required by statute, prior to sentencing. *Id.*

{¶13} However, this error does not amount to a reversible error. *See State v. Jackson*, ___ Ohio St.3d ___, 2016-Ohio-8127, ¶ 15 (resentencing is not required for invited or harmless error). Ohio's criminal-harmless-error rule, Crim.R. 52(A), provides: "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "In most cases, in order to be viewed as 'affecting substantial rights,' "'the error must have been *prejudicial*.'"" (Emphasis sic.) *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, ¶ 36, quoting *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, ¶ 7. "Accordingly, Crim.R. 52(A) asks

whether the rights affected are 'substantial' and, if so, whether a defendant has suffered any prejudice as a result." *Id.*

**{¶14}** At the sentencing hearing, Satterwhite conceded that he was "able to see the [sentencing] recommendation" included in the PSI report. (Mar. 28, 2017 Tr. at 5). Moreover, the trial court conducted a colloquy with Satterwhite regarding his relevant prior history. (*See id.* at 6-9). Our review of the record reflects that the information contained in the sentencing recommendation and Satterwhite's discussion about his prior history with the trial court at the sentencing hearing are not inconsistent with the relevant factual information contained in the PSI report. Accordingly, we conclude that Satterwhite was not prejudiced by the trial court's error in denying him access to the PSI report prior to sentencing. *See State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 193 (concluding that any errors at the sentencing hearing were harmless because the record reflects the defendant's statements); *State v. Ward*, 7th Dist. Belmont No. 2017-Ohio-4381, ¶13 ("any inaccurate statements regarding Ward's criminal history made during sentencing were harmless error"). Moreover, Satterwhite's sentence falls within the statutory range, and there is no affirmative indication that the trial court failed to consider the factors contained in R.C. 2929.21 and 2929.22. *See* R.C. 2929.24(A)(4); *State v. Ramirez*, 3d Dist. Seneca Nos. 13-04-30 and 13-04-31, 2005-Ohio-1430, ¶ 30-31; *Nolan*, 2016-Ohio-2985, at ¶ 15; *State v. Jezioro*, 12th Dist. Warren No. CA2016-

10-088, 2017-Ohio-2587, ¶ 10.  As such, we conclude the trial court's error was harmless.

{¶15} For these reasons, the trial court did not abuse its discretion in imposing Satterwhite's sentence.  Satterwhite's assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**