[Cite as *State v. Rhoads*, 2018-Ohio-2620.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 6-18-02

      v.

JONATHAN N. RHOADS,                 O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20172154

Judgment Affirmed

Date of Decision:   July 2, 2018

APPEARANCES:

     *Todd A. Workman* for Appellant

     *Jason M. Miller* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Jonathan N. Rhoads ("Rhoads") appeals the January 4, 2018 judgment entry of sentence of the Hardin County Court of Common Pleas. We affirm.

{¶2} Rhoads was convicted in 2011 of kidnapping and gross sexual imposition. (Dec. 27, 2017 Tr. at 16). Under the terms of his conviction and sentence in that case, Rhoads was (1) subject to postrelease-control supervision with the Adult Parole Authority ("APA") and (2) was required to register as a Tier I sex offender with the Hardin County Sheriff's Office upon his release from prison. (*Id.* at 17). When Rhoads was released from prison on August 8, 2017, he appeared, the following day, at the Hardin County Sheriff's Office to comply with his sex-offender registration requirements. (*Id.*). At that time, because he indicated that he was homeless, Rhoads was to report to the sheriff's office every three days. (*Id.*). "In addition to that reporting, he was required to report daily to the APA, per his supervision terms on post-release control." (*Id.*). The APA instructed Rhoads to begin a program at the Mary Alice House on September 26, 2017. (*Id.* at 17-18). "He did not appear that day at the Mary Alice House, and he subsequently stopped reporting to the APA and the Sheriff's Office." (*Id.* at 18).

{¶3} As a result, on November 27, 2017, the Hardin County Grand Jury indicted Rhoads on Count One of escape in violation of R.C. 2921.34(A)(3), (C)(3),

a fourth-degree felony, and Count Two of failure to notify of change of address in violation of R.C. 2950.05(F)(1), a fourth-degree felony. (Doc. No. 2).

{¶4} On December 5, 2017, Rhoads appeared for arraignment and pled not guilty to the counts of the indictment. (Doc. No. 8).

{¶5} On January 4, 2018, Rhoads withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to the counts of the indictment. (Doc. No. 16). The trial court accepted Rhoads's guilty pleas, found him guilty, and proceeded to sentencing. (Doc. Nos. 17, 18).[1] The trial court sentenced Rhoads to 17 months in prison on Count One and 17 months in prison on Count Two and ordered that Rhoads serve the terms consecutively for an aggregate term of 34 months. (Doc. No. 20). The trial court also terminated Rhoads's term of postrelease control and ordered that he serve 1,559 days in prison consecutively to his 34-month sentence. (*Id.*).

{¶6} On January 25, 2018, Rhoads filed a notice of appeal. (Doc. No. 23). He raises two assignments of error for our review.

**Assignment of Error No. I**

**The trial court erred when it failed to merge the allied offenses for the purpose of sentencing.**

---

[1] The trial court filed a nunc pro tunc entry on January 24, 2018 correcting a typographical error. (Doc. No. 22).

{¶7} In his first assignment of error, Rhoads argues that the trial court erred by failing to merge his escape and failure-to-notify-of-change-of-address convictions.

{¶8} Whether offenses are allied offenses of similar import is a question of law that this court reviews de novo. *State v. Stall*, 3d Dist. Crawford No. 3-10-12, 2011-Ohio-5733, ¶ 15, citing *State v. Brown*, 3d Dist. Allen No. 1-10-31, 2011-Ohio-1461, ¶ 36.

{¶9} R.C. 2941.25, Ohio's multiple-count statute, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} Rhoads relies on the allied-offense test espoused in *State v. Winn*. 121 Ohio St.3d 413, 2009-Ohio-1059. That test involves a two-tiered analysis that has

been overruled by the Supreme Court of Ohio. *See State v. Layne*, 4th Dist. Highland No. 11CA17, 2012-Ohio-1627, ¶ 15. Currently, the Supreme Court directs us to apply a three-part test to determine whether a defendant can be convicted of multiple offenses:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 12 and *Ruff* at paragraphs one, two, and three of the syllabus.

**{¶11}** Applying the correct allied-offense analysis, we conclude that Rhoads's escape and failure-to-notify-of-change-of-address convictions are not allied offenses of similar import. Because it is dispositive of this assignment of error, we will address only the dissimilar-import question of the tripart test set forth in *Ruff*.

**{¶12}** "As explained in *Ruff*, offenses are of dissimilar import 'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *Id.* at ¶ 77, quoting *Ruff* at paragraph two of the syllabus.

> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial * * * will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts.

*Ruff* at ¶ 26.

**{¶13}** The offenses of escape under R.C. 2921.34(A)(3) and failure to notify of change of address under R.C. 2950.05(F)(1) are of dissimilar import—that is, based on the statutory elements of each offense, a defendant's conduct results in harm to distinct victims. Escape under R.C. 2921.34 states, in relevant part:

> No person, knowing the person is under *supervised release detention* or being reckless in that regard, shall purposely break or attempt to break the supervised release detention or purposely fail to return to the supervised release detention, either following temporary leave

-6-

granted for a specific purpose or limited period, or at the time required

when serving a sentence in intermittent confinement.

(Emphasis added.) R.C. 2921.34(A)(3). "Supervised release detention" means "detention that is supervision of a person by an employee of the department of rehabilitation and correction while the person is on any type of release from a state correctional institution * * *." R.C. 2921.34(D).

{¶14} The offense of failure to notify of change of address under R.C. 2950.05 provides, in relevant part:

> No person who is required to notify a *sheriff* of a change of address
>
> pursuant to division (A) of this section or a change in vehicle
>
> information or identifiers pursuant to division (D) of this section shall
>
> fail to notify the appropriate sheriff in accordance with that division.

(Emphasis added.) R.C. 2950.05(F)(1).

{¶15} Based on the plain language of the statutes, a violation of each statute results in harm to separate victims. That is, a violation of R.C. 2921.34(A)(3) victimizes an employee of the department of rehabilitation and correction, while a violation of R.C. 2950.05(F)(1) results in harm to a sheriff.

{¶16} Indeed, in this case, under the terms of his release from prison, Rhoads was required to report to the APA, which is part of the Department of Rehabilitation and Correction. *See State v. Boggs*, 2d Dist. Montgomery No. 22081, 2008-Ohio-

1583, ¶ 12 (noting that the APA is a division of the Department of Rehabilitation and Correction). *See also State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 136 (noting that a person under the supervision of the APA is under detention). In addition, under his sex-offender registration requirements, Rhoads was to register with, and report to, the Hardin County Sheriff's Office. Rhoads failed in both regards. As such, escape under R.C. 2921.34(A)(3) and failure to notify of change of address under R.C. 2950.05(F)(1) are offenses of dissimilar import, and Rhoads can be convicted of both offenses. Because "we may end our analysis upon an affirmative response to any of the three [*Ruff*] questions[,]" we need not address whether Rhoads committed the offenses separately or with separate animus. *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 83.

**{¶17}** Rhoads's first assignment of error is overruled.

**Assignment of Error No. II**

**The trial court erred when it failed to order a new pre-sentence investigation prior to sentencing as requested by Defendant's Counsel during the hearing.**

**{¶18}** In his second assignment of error, Rhoads argues that the trial court failed to order a new or updated presentence investigation prior to sentencing him.

**{¶19}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is

otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶20} "A PSI report serves to inform the sentencing judge of relevant aspects of the defendant's history, so that the court will sentence the defendant in an informed, responsible, and fair manner." *State v. Posey*, 6th Dist. Ottawa No. OT-10-044, 2012-Ohio-1108, ¶ 4, citing *State v. Liming*, 2d Dist. Greene No. 03CA43, 2004-Ohio-168, ¶ 41, citing *Machibroda v. United States*, 360 F.Supp. 780 (N.D.Ohio 1973). "The report and its contents are governed by Crim.R. 32.2 and R.C. 2951.03." *Id.*

{¶21} Crim.R. 32.2 provides that in felony cases "[u]nless the defendant and the prosecutor * * * agree to waive the presentence investigation report, the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation." "Further, R.C. 2929.19 requires that the court consider the presentence investigation report, 'if one was prepared,' and R.C. 2951.03 prevents the imposition of community control until a written presentence investigation report has been reviewed by the court." *State v. Scott*, 6th Dist. Sandusky No. S-15-012, 2016-Ohio-1480, ¶ 42. "Where it has been determined that

a defendant is not eligible for community control, the trial court does not err in refusing to order a presentence investigation report." *Id.*, citing *State v. Cyrus*, 63 Ohio St.3d 164, 166 (1992).

**{¶22}** The trial court sentenced Rhoads to an aggregate 34-month prison term for his escape and failure-to-notify-of-change-of-address convictions. The trial court also sentenced Rhoads to 1,559 days in prison for violating the terms of his postrelease control. In other words, the trial court did not sentence Rhoads to a community-control sanction or probation. Because the trial court did not sentence Rhoads to a community-control sanction or probation, the trial court was not required to comply with the presentence-investigation requirements under Crim.R. 32.2 or R.C. 2951.03.[2] *State v. Bowman*, 7th Dist. Belmont No. 03-BE-40, 2004-Ohio-6372, ¶ 25.

**{¶23}** Furthermore, Rhoads does not direct us to any additional authority requiring a trial court to order a new or updated presentence investigation when the record contains a prior presentence-investigation report and a defendant violates the terms of his postrelease control or commits a new criminal act while under any form of detention from a prior criminal act. *See State v. Heflin*, 2d Dist. Montgomery No. 10456, 1988 WL 10110, *1 (Jan. 26, 1988) ("Counsel admits however there is no

---

[2] Despite Rhoads's request at the sentencing hearing for a new or updated presentence investigation, the trial court inexplicably asserted in its January 4, 2018 judgment entry of conviction and its January 24, 2018 nunc pro tunc judgment entry of conviction that Rhoads waived a presentence investigation. (Dec. 27, 2017 Tr. at 35); (Doc. Nos. 17, 22).

such requirement in the statute or in the criminal rules mandating the court to obtain a new presentence report prior [to] the resentencing.").  "We are also unable to find any such requirement in the law." *Id.*

**{¶24}** As such, the trial court did not err by sentencing Rhoads without obtaining a new or updated presentence investigation.  *See Bowman* at ¶ 25.  Accordingly, Rhoads's sentence is not contrary to law.

**{¶25}** Therefore, his second assignment of error is overruled.

**{¶26}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**