[Cite as *State v. Rush*, 2024-Ohio-620.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                :

    Appellee,                             :            CASE NO. CA2023-09-062

    - vs -                                       :            O P I N I O N
                                                 :            2/20/2024

CAMERON W. RUSH,                        :

    Appellant.                            :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CR 000960


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.



**M. POWELL, J.**

{¶1}    Appellant, Cameron Rush, appeals the sentence he received in the Clermont County Court of Common Pleas following his guilty plea to endangering children.

{¶2}    Appellant pled guilty in 2023 to two counts of endangering children in

violation of R.C. 2919.22(B)(1). Following a sentencing hearing on August 10, 2023, the trial court sentenced appellant to an indefinite, aggregate sentence of ten to 12-and-one-half years in prison and informed him that he was subject to a mandatory term of postrelease control for a minimum of 18 months up to three years following his release from prison.

{¶3} Appellant now appeals, raising one assignment of error:

{¶4} THE TRIAL COURT FAILED TO PROPERLY IMPOSE POST RELEASE CONTROL (PRC).

{¶5} Appellant argues that the trial court erred in imposing postrelease control because the court failed to inform him that (1) a violation of his postrelease control could result in "consequences short of a return to prison–for example, a more restrictive sanction could be imposed," and (2) his postrelease control would be supervised by the Adult Parole Authority.

{¶6} "A trial court must properly impose postrelease control at the sentencing hearing and in the sentencing entry." *State v. Demangone*, 12th Dist. Clermont No. CA2022-11-081, 2023-Ohio-2522, ¶ 22; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18-19. Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8.

{¶7} To properly impose postrelease control, the trial court must inform the defendant at the sentencing hearing that upon the defendant's release from prison, he or she will be subject to postrelease control if convicted of a felony for which postrelease control is mandatory pursuant to R.C. 2929.19(B)(2)(d) and 2967.28(B), or that the defendant may be subject to postrelease control if convicted of a less-serious felony for which the Adult Parole Authority has discretion to impose postrelease control under R.C.

2929.19(B)(2)(e) and 2967.28(C). *Id.* at ¶ 9. The court must also inform the defendant of the length or potential length of postrelease control, and that if he or she "violates that supervision * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." *Id.*; R.C. 2929.19(B)(2)(f). After orally providing these notifications, the trial court must incorporate them into its sentencing entry. *Id.* at ¶ 8. To validly impose postrelease control, the sentencing entry must set forth the following information:

> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority * * * will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Id.* at ¶ 1.

{¶8} As applicable here, the required postrelease control notifications are derived from R.C. 2929.19(B)(2)(d) and (f), which state in relevant part:

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> * * *
>
> (d) Notify the offender that the offender will be supervised under [R.C.] 2967.28 after the offender leaves prison if the offender is being sentenced, other than to a sentence of life imprisonment, for a felony of the first degree or second degree[.]
>
> * * *
>
> (f) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(d) or (e) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the

definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term. * * *

{¶9} Appellant was convicted of endangering children, a felony of the second degree. As a result, he was subject to a mandatory term of postrelease control for a minimum of 18 months up to three years. R.C. 2967.28(B)(3). When appellant was sentenced, the trial court complied with the notification requirements set forth in R.C. 2929.19(B)(2) by informing appellant of the following:

> When you are released from prison, Mr. Rush, the Department of Corrections is required to place you on a period of post-release control for a minimum of 18 months up to three years. It's a mandatory post-release control term. While you're on post-release control, if you would violate any of their rules of supervision, they could return you to prison for the first violation for not more than nine months, and for multiple violations, not more than one half of the minimum sentence imposed. [W]hen you're on post-release control, and you would violate that post-release control or be convicted of a new felony offense, the judge that would sentence you for any new felony offense could revoke your post-release control and return you to prison for the greater of one year or the time remaining in post-release control, and that judge would be required to have you serve that sentence consecutively to any new prison term.

These notifications were then incorporated into the trial court's August 11, 2023 sentencing entry.

{¶10} Based on the record before us, we find that postrelease control was properly imposed. We recently held that a trial court is "not required to orally advise [a defendant] of the 'possibility that a violation could result in other penalties including more restrictive sanctions, a longer period of supervision, or that he could be sent back to prison even if he completed all of his sentenced prison time as required by R.C. 2967.28(F)(3)' as such advisements are not required by the express language of R.C. 2929.19(B)(2)."

*Demangone*, 2023-Ohio-2522 at ¶ 25. For the same reasons, and contrary to appellant's assertion, the trial court was not required to advise him that a violation of his postrelease control could result in "consequences short of a return to prison." "Had the legislature intended for defendants to be provided with additional notifications about postrelease control, it would have included those notifications and requirements in R.C. 2929.19(B)(2). It chose not to do so." *Id.*; *State v. Vest*, 4th Dist. Ross Nos. 22CA32 and 22CA33, 2024-Ohio-62.

{¶11} Appellant also argues that the trial court improperly imposed postrelease control because it did not identify the Adult Parole Authority as the supervising agency. While the trial court did not state that appellant would be supervised by the Adult Parole Authority, it did inform appellant that the Ohio "Department of Corrections" would be the entity managing his supervision. It is well settled that the Adult Parole Authority is a division of the Ohio Department of Rehabilitation and Correction. *See State v. Rhoads*, 3d Dist. Hardin No. 6-18-02, 2018-Ohio-2620, ¶ 16; *Lee v. Ohio Adult Parole Auth.*, 2d Dist. Montgomery No. 18833, 2001 Ohio App. LEXIS 3852, *12 (Aug. 31, 2001); R.C. 5149.02. We therefore find no merit to appellant's argument.

{¶12} Accordingly, as the trial court complied with the postrelease control notification requirements at the sentencing hearing and incorporated the required information into its sentencing entry, we find that the trial court properly imposed on appellant a mandatory term of postrelease control for a period of a minimum of 18 months up to three years.

{¶13} Appellant's assignment of error is overruled.

{¶14} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.