[Cite as *State v. Mowery*, 2023-Ohio-563.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

     v.

NATHAN MOWERY,

    DEFENDANT-APPELLANT.

CASE NO. 7-22-06

O P I N I O N

Appeal from Henry County Common Pleas Court
Trial Court No. 21-CR-0045

Judgment Affirmed

Date of Decision:  February 27, 2023

APPEARANCES:

    *Michael H. Stahl* for Appellant

    *Gwen Howe-Gebers* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Nathan Mowery ("Mowery") brings this appeal from the judgment of the Court of Common Pleas of Henry County finding him guilty of Engaging in a Pattern of Corrupt Activity and sentencing Mowery for that conviction. On appeal, Mowery challenges 1) his plea as not voluntarily entered, 2) his sentence, and 3) the effectiveness of his counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 24, 2021, the Henry County Grand Jury indicted Mowery on one count of Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1), (B)(1), a felony of the second degree. Doc. 1. Mowery entered a plea of not guilty to the charge. Doc. 10. The final pretrial was held on April 26, 2022. Doc. 39. At the pretrial, the trial court informed Mowery that it was the final day that a plea would be accepted. Tr. A5. The trial court also informed Mowery what the maximum sentences would be if he were convicted. Tr. A3-4. Later that day, Mowery changed his plea to one of guilty. Tr. B3. Following the Criminal Rule 11 colloquy in which the trial court explained the rights that Mowery would be waiving and explained what the maximum sentence could be, the trial court asked him if he was still entering a plea of guilty. Tr. B9. Mowery responded "Yes, Your Honor." Tr. B9. The trial court then accepted the plea of guilty and entered a finding of "guilty". Tr. B15. The trial court ordered that a presentence investigation report be completed.

{¶3} In July 2022, the trial court held a sentencing hearing. Doc. 28 and Tr. C2. The trial court imposed a prison sentence of six to nine years and imposed a fine of $10,000. Tr. C16-18. Mowery filed a notice of appeal. Doc. 36. On appeal, Mowery raises the following assignments of error.

### First Assignment of Error

**[Mowery's] plea of guilty was not entered into knowingly, voluntarily, or willingly, and instead was the product of coercion, rendering the plea void and in violation of the Ohio and United States Constitutions.**

### Second Assignment of Error

**[Mowery's] trial attorney failed to render effective assistance in violation of the Ohio and United States Constitutions by failing to object to the circumstances of the plea, and for allowing the case to proceed to sentencing under the same visiting trial judge who coerced the guilty plea despite that Judge recusing himself while an Affidavit of Disqualification was pending in the cases of similarly placed co-defendants.**

### Third Assignment of Error

**[Mowery's] sentence, though within the sentence range, is also void as it is a product of a void plea, and is otherwise contrary to law as it was entered before a biased judicial official.**

*Voluntariness of Plea*

{¶4} In the first assignment of error, Mowery claims that his plea was not knowingly, intelligently, and voluntarily entered. "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9.

> **In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**
>
> **(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**
>
> **(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**
>
> **(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C)(2). "In addition to these constitutional rights, the trial court must determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 41, 71 N.E.3d 180.

{**¶5**} Mowery argues that his plea was not voluntarily entered because the trial court allegedly made coercive statements during the pretrial. Specifically, Mowery takes issue with the following statements.

> **I was a judge for thirty years in Lucas County, this case would be completely over with by now if I was handling this from start to finish, Judge Collier may have been on it originally, he got sick,**

**we've had some visiting judges back and forth and I wouldn't say I got stuck with this, but I'm the last person standing as it relates to the judge's [sic] involved in this case, so I'm a little frustrated and I've told the attorney's [sic], anybody convicted, now there is eight or nine separate incidents in the indictment, but what you're charged with is an Engaging in a Pattern of Corrupt Activity, it's a felony of the second degree, some of the offenses individually listed as part of this enterprise are felony ones and twos, so this is pretty serious stuff. Some people may think because some states have legitimized marijuana that this isn't a big deal, it's a big deal to me and anybody that is convicted will get eight to twelve, and depending on the testimony will be assessed fines according to what I hear during the trial and I've done this a few times, the jury will still be sitting there when I impose the sentence. If you are found not guilty I will shake your hand and congratulate your attorney for doing a real good job, if you're convicted you'll be sentenced, the jury will see what the sentence is, the jury will see what the fines are and I will not set an appeal, or an appellate bond. You will be taken to the state institution to start your sentence. Now again, I don't know the facts and circumstances of any one of your individual cases, I just know that this is a big deal investigation, you've got two very good attorneys.**

Tr. A3-4. Mowery argues that these statements were coercive because the trial judge voluntarily recused himself in the cases of two co-defendants after their attorneys filed affidavits of disqualification.

{¶6} Initially, this Court notes that the record before us does not contain any information as to what happened in the cases of the co-defendants. No affidavit of disqualification was filed in this case. No determination was made that the trial court's statements were coercive as the trial judge voluntarily recused himself when asked per the dismissal issued by the Ohio Supreme Court in another case and attached to Mowery's brief. Since that information is not in the record before us,

we cannot speculate as to the basis for the affidavits.  We can only consider whether

the plea appears to be knowingly, intelligently, and voluntarily entered based upon

the record before us.

{¶7} At the change of plea hearing, the following dialogue occurred between

the trial court and Mowery.

> **The Court:  Mr. DiLabbio has just entered a plea of guilty on your behalf to the offense of Engaging in a Pattern of Corrupt Activity, which is in fact a felony of the second degree, do you understand that?**
>
> **Mr. Mowery:  Yes sir.**
>
> **The Court:  Do you understand that particular offense carries a possible penalty of anywhere between two years to a maximum of eight years for the minimum sentence and there is not an indefinite sentence on felony ones and twos which adds an additional 50%, so for example if you got the two, it would be not less than two, not more than three, if you got four it would be not less than four, no more than six, if you got eight it would be not less than eight, but no more than twelve.**
>
> **Mr. Mowery:  Yes sir.**
>
> **\* \* \***
>
> **The Court:  have there been any promises or threats made to you to get you to enter this plea of guilty today?**
>
> **Mr. Mowery:  No Your Honor.**
>
> **\* \* \***
>
> **The Court:   Do you understand sir that you do have a constitutional right to a trial by jury, we would empanel twelve people and they would decide your guilt or innocence, do you understand that?**

**Mr. Mowery: Yep.**

**The Court: Do you understand you could waive your right to a jury trial and try this matter to a judge, do you understand that?**

**Mr. Mowery: Yes.**

**The Court: Do you understand that whether you have a jury trial or a trial to a judge the burden of proof would always remain on the State to establish your guilt beyond a reasonable doubt, do you understand that?**

**Mr. Mowery: Yes.**

**The Court: Do you also understand your attorney, Mr. DiLabbio could issue subpoenas and bring people into court to testify on your behalf as well as have the opportunity to question or cross examine any witnesses called by the State that were here to testify against you, do you understand those rights?**

**Mr. Mowery: I understand.**

**The Court: Do you also understand you have a constitutional right to remain silent and that during the course of the trial there would be no mention of your failure to have given any statement to any law enforcement officer, nor would there be any comment during the trial regarding your failure to take the witness stand in your own defense if in fact you chose not to testify, do you understand those rights?**

**Mr. Mowery: I understand.**

Tr. B4-7. After completing the dialogue, including further explanation about the possible sentences and post release control, Mowery signed the change of plea form. Doc. 23. The form stated that Mowery "knowingly, intelligently and voluntarily withdraw my former plea of not guilty and enter a plea of guilty to the following

offense(s): Count 1: Engaging in a Pattern of Corrupt Activity". Doc. 23 at 2. The change of plea form also listed all of the rights that Mowery was waiving and contained the following statement.

> **VOLUNTARY GUILTY PLEA. Pleading guilty is what I want to do. I have relied upon my attorney for advice but the decision to enter a plea of guilty is mine and not his. No threats have been made to induce me to enter a plea of guilty. No promises have been made to me as to the sentence to be imposed by the Court and further no other promises have been made to me except as a part of the plea agreement.**
>
> **I am well satisfied with my attorney's advice and counsel and believe he has represented me competently and to the best of his ability.**

Doc. 23 at 5-6.

{¶8} A review of the record shows that Mowery did not file a motion to withdraw his plea either before sentencing or before this appeal. Mowery merely claims that his plea was not voluntary because the trial court informed him that if he went to trial he would be sentenced immediately upon a finding of guilt. Mowery claims that this would have deprived him of the presentence investigation that he received from entering a plea of guilty and that the trial court would not have considered the purposes of sentencing as required by R.C. 2929.11 and the sentencing factors as required by R.C. 2929.12. Although presentence investigations are useful for sentencing, they are only required before the trial court imposes community control. Crim.R. 32.2. When a trial court sentences a defendant to prison rather than community control, the trial court is not required to

comply with the presentence investigation requirements under Crim.R. 32.2 or R.C. 2951.03. *State v. Rhoads*, 3d Dist. Hardin No. 6-18-02, 2018-Ohio-2620, ¶ 22. Here, the trial court ordered the presentence investigation because it had no record to review in making a sentencing determination, as it would have had if the matter had proceeded to trial. Likewise, there is nothing in the record to suggest that the trial court would not consider the purposes of sentencing as set forth in R.C. 2929.11 and the sentencing factors as required by R.C. 2929.12. The fact that a sentencing may occur immediately upon conviction does not mean that the trial court cannot comply with statutory requirements. The trial court would have heard all the information during the trial and could use that information to satisfy the statutory requirements.

{¶9} A review of the record in this case indicates that the statements made by the trial court during the pretrial, while possibly inartful, were not coercive. The trial court was merely informing Mowery of what could happen and even indicated as much when he told Mowery what could happen if he were found not guilty. After the trial court's statements, Mowery had time to discuss what occurred with his counsel. Then, Mowery was addressed by the trial court at the change of plea hearing. At that time Mowery indicated he was entering the plea voluntarily, knowingly, and intelligently and indicated that he had not been threatened into agreeing to the plea. The plea agreement he signed indicated that he was also

entering the guilty plea of his own accord and without threats or promises. As there is no evidence of coercion in the record, the first assignment of error is overruled.

*Effectiveness of Counsel*

{¶10} Mowery alleges in his second assignment of error that he was denied the effective assistance of counsel.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done."** *State v. Hester* **(1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."** *State v. Lytle* **(1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.** *See Vaughn v. Maxwell* **(1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164;** *State v. Jackson***, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20. "To show prejudice, the

defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶11} Mowery argues that counsel was ineffective for advising him to enter the plea after the trial court "coerced" the defendant into entering a plea. As noted above, this Court has found that the statements made by the trial court were not coercive in this instance. Since there was no coercion, counsel could not have erred by advising Mowery to accept the plea as a result of the coercion by the trial court.

{¶12} Mowery also argues that counsel was ineffective for not filing a disqualification action against the trial judge like counsel for Mowery's co-defendants did. This Court does not know what was in the motions for disqualification in the other cases as they are not before us. All we know is that the trial judge voluntarily recused himself in those cases. Even if we assume the same would have happened in this case, that does not mean we assume that Mowery was prejudiced. The record does not indicate that the trial court was biased against Mowery. The maximum sentence in this case was 12 years. Pursuant to the plea agreement, the State did not ask for the maximum sentence, but did ask for a

sentence of seven to ten and one-half years. Tr. 14. Despite this recommendation and Mowery's prior criminal history, the trial court sentenced him to six to nine years in prison, less than that requested by the State. The statements made by the trial court at sentencing were supported by the record. Thus, there is no evidence that Mowery was prejudiced by the failure of his counsel to seek a disqualification of the trial judge. Without a showing of error by counsel or prejudice to the defendant, Mowery cannot prevail on his ineffective assistance of counsel claim. The second assignment of error is overruled.

*Sentence*

{¶13} Finally, Mowery alleges that his sentence was void as it is the product of a void plea. As discussed in the first two assignments of error, the plea was not void and the record does not support a conclusion that the trial court was biased. The sentence imposed was within the statutory range. The trial court considered the principles of sentencing and the statutory factors as required by R.C. 2929.11 and R.C. 2929.12. The Supreme Court of Ohio has limited the review of the sentence imposed by an appellate court by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39, 169 N.E.3d 649. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 3d Dist. Allen No. 1-20-48, 2021-Ohio-1768, 173 N.E.3d

94. When reviewing felony sentences that are imposed solely after applying R.C. 2929.11 and R.C. 2929.12, this Court shall no longer analyze whether those sentences are unsupported by the record. Our task is simply to determine whether those sentences are contrary to law. *State v. Criswell*, 3d Dist. Marion No. 9-21-40, 2022-Ohio-2450, ¶ 13. Since the sentence was within the statutory range and the trial court complied with statutory requirements, the sentence is not contrary to law. The third assignment of error is overruled

{¶14} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Henry County is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**